## In re Shenandoah Trust Company

*Henry Houck*, for petitioner.
*O'Hare & O'Hare*, for respondents.

DALTON, J., December 1, 1941.—On January 13, 1941, this court made an order authorizing the Secre-

tary of Banking, in his capacity as receiver of The Shenandoah Trust Company, to sell at private sale certain premises in the Borough of Shenandoah, Schuylkill County, Pa., to Timothy E. Sullivan and Harry Goff for the sum of $1,500 cash, subject to a commission of $75 payable to Thomas F. O'Neill, real estate agent.

On February 10, 1941, prior to settlement between the Secretary of Banking and Sullivan and Goff, one Zigmund J. Paskey made an offer of $1,700 for the said premises, subject to a real estate agent's commission of $85.

Thereupon, the Secretary of Banking, on March 10, 1941, presented a petition to this court praying that the order of court dated January 13, 1941, authorizing the sale to Sullivan and Goff, be set aside and vacated. A rule to show cause was granted, directed to Sullivan, Goff and O'Neill, on whose behalf an answer was subsequently filed.

In lieu of depositions, counsel have stipulated that certain paragraphs of the petition, in addition to those already admitted by the answer, and also the third paragraph of the answer, be taken as admitted. It thus appears that, prior to January 4, 1941, O'Neill, the real estate agent, informed the Secretary of Banking that he had received identical offers from Sullivan and Goff on the one hand and Paskey on the other in the amount of $1,500 subject to a commission of $75 and that he was inclined to accept the Sullivan and Goff offer. On January 4, 1941, the Secretary of Banking advised O'Neill that the Sullivan and Goff offer would be accepted unless Paskey should increase his offer over and above theirs. On January 4, 1941, a written agreement of sale, conditioned upon the approval of the court, was entered into by O'Neill, as agent for the Secretary of Banking, and Sullivan and Goff. Sullivan and Goff made a down payment of $150 on that date. On January 13, 1941, upon petition of the Secretary of

Banking, the court made the order aforesaid approving the proposed sale. Pursuant to the said order of court a deed conveying the said premises to Sullivan and Goff was executed but held undelivered pending settlement. On February 7, 1941, another real estate agent, Mrs. Florence Link, stated in a telephone conversation to the secretary's office in Frackville "that Paskey had called at her office and complained that Mr. Thomas F. O'Neill had arbitrarily rejected his offer and had not afforded him an opportunity to increase his offer, and that he was prepared to submit a better offer than the one made by Sullivan and Goff". On February 10, 1941, Paskey, through Mrs. Link, submitted an offer of $1,700 for the said premises subject to a commission of $85 payable to Mrs. Link. Pursuant thereto, an agreement of sale was drawn up with Paskey, subject to the action of the court with respect to vacating the order of court dated January 13, 1941. The present petition to vacate the said order followed.

It is contended on behalf of the secretary that the secretary approved the agreement of sale to Sullivan and Goff "in the mistaken belief that Paskey had refused to increase his offer". This contention is not borne out by the facts as stipulated. It is true that respondents admitted the eleventh paragraph of the petition, wherein it was averred that Mrs. Link stated that Paskey had complained that O'Neill had arbitrarily rejected his offer without affording him an opportunity to increase his offer and that he was prepared to submit a better offer than the one made by Sullivan and Goff, but the effect of the stipulation was merely to admit that Mrs. Link had made such a statement. It did not even admit that Paskey had made the complaint referred to in the said statement. Whether or not the alleged complaint had any objective truth is consequently a matter as to which we have no information. Even if we accept as true that portion of Paskey's alleged complaint, "that he was prepared to sub-

mit a better offer than the one made by Sullivan and Goff", it does not appear from the stipulated facts that he was prepared to do so or communicated his intention so to do either to O'Neill or to the secretary until after the time the agreement was entered into with Sullivan and Goff.

It is further urged that the order authorizing the sale to Sullivan and Goff should be vacated because it authorized a private sale without advertisement with the result that Paskey and others were not afforded an opportunity to bid higher than Sullivan and Goff. These are matters, however, which section 718(a) of the Department of Banking Code of May 15, 1933, P. L. 565, 71 PS §733-718A, expressly leaves to the discretion of the court. In so exercising its discretion the court undoubtedly intended to save the expense attendant upon advertisement and public sale.

It is also argued that since the order of January 13, 1941, merely authorized the sale, and since the sale to Sullivan and Goff has not been consummated or confirmed, the court has power to revoke the authority granted, in order that the highest possible price might be obtained. As to this, section 718(a) of the Department of Banking Code, supra, provides:

"Every such sale of real property shall be confirmed by the court, if all the terms and conditions of its order authorizing such sale have been complied with".

In view of this provision of section 718(a), the courts of Dauphin and Philadelphia Counties have held that, once the court has authorized the sale, the sale becomes final and binding and will not be disturbed in the absence of fraud, accident, mistake, or other equitable reason. See In re Mechanics Trust Co., 39 D. & C. 202, and In re Central Trust & Savings Co., 41 D. & C. 304.

While we do not feel called upon either to agree or to disagree with the opinion that the sale becomes final and binding under such circumstances, we do agree

that authority to sell, once duly granted, should not be revoked except for strongly compelling reasons. We are further of opinion that no such compelling reason exists in the present case. No fraud, accident, or mistake has been shown under the stipulated facts, so that petitioner's position rests exclusively upon the receipt of a subsequent higher offer. As to this, McDevitt, P. J., in the case of In re Central Trust & Savings Co., supra, persuasively said, at page 307:

"If a sale is to be upset upon the receipt of higher offers after the court has approved it, buyers would soon become discouraged and would lose interest in any of the real estate offered for sale by the Secretary of Banking.

"If, after the court's mandate to the Secretary of Banking to sell at a named price to a certain purchaser, the sale could, as a matter of course, be upset by the mere receipt of a higher offer, sales of real estate by the Secretary of Banking would become farcial and rational men would shun them and refuse to bid. The result would be that liquidation would be greatly retarded and the total cost thereof would greatly increase, so that any temporary benefit to be had from the acceptance of the increased offer would be outweighed by the resulting decrease in eventual total returns to the depositors, creditors, and shareholders of the closed bank."

If Paskey's offer were accepted, the net increase in the proceeds of the sale would amount to only $190. This would have but a negligible effect upon the pro rata shares of the many depositors and other creditors of the bank. We are, therefore, of opinion that no sufficient reason exists for vacating the order of sale previously made.

And now, December 1, 1941, the rule to show cause why the order of court made January 13, 1941, authorizing the said John C. Bell, Jr., Secretary of Banking as receiver as aforesaid, to sell and convey at private

sale the premises described in said order to Timothy E. Sullivan and Harry Goff should not be vacated and set aside is hereby discharged.